IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DEWAYNE ADAMSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:11-CV-898-WKW |
| | ) [WO] |
| SMITHKLINE BEECHAM | ) |
| CORPORATION, d/b/a | ) |
| GLAXOSMITH KLINE (GSK), | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

This case marks Defendant's second attempt to establish federal removal jurisdiction over Plaintiff's claims against it. Before the court is Plaintiff's Emergency Motion to Remand Previously Remanded Case (Doc. # 6) back to the Circuit Court of Randolph County, Alabama. Defendant filed a response to the motion (Doc. # 7) to which Plaintiff replied (Doc. # 8). After careful consideration of the arguments of counsel and the relevant law, the court finds that Plaintiff's motion is due to be granted. Additionally, Defendant will be required to show cause why it should not be ordered to pay Plaintiff's costs and attorney's fees incurred as a result of this second removal.

## I.  STANDARD OF REVIEW

"[F]ederal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996).  However, "[f]ederal courts are courts of limited jurisdiction." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379 (1994).  Thus, with respect to cases removed to this court pursuant to 28 U.S.C. § 1441, the law of the Eleventh Circuit favors remand where federal jurisdiction is not absolutely clear.  "[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns*, 31 F.3d at 1095.

The removing defendant has the burden of establishing the existence of federal jurisdiction. *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002).  With respect to diversity jurisdiction, a federal court has original jurisdiction over an action where there is complete diversity between the parties and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).

## II.  BACKGROUND

**A.    The December 2010 Case**

Defendant's first attempt at removal occurred eleven months before this attempt. *See Adamson v. SmithKline Beecham Corp.*, No. 3:10-cv-1066 (M.D. Ala.

filed Dec. 15, 2010) (hereinafter *Adamson I*) (Watkins, C.J.). Defendant removed *Adamson I* on December 15, 2010, from the Circuit Court of Randolph County, Alabama. (Doc. # 1, *Adamson I*.) On December 16, 2010, Defendant filed a motion to stay the case pending transfer of the action to Multidistrict Litigation ("MDL"), MDL No. 1871, *In re: Avandia Marketing, Sales Practices and Products Liability Litigation.* (Doc. # 5, *Adamson I*.) Plaintiff filed a motion to remand. (Doc. # 9, *Adamson I*.) The court granted the motion to remand because "Plaintiff's demand . . . [was] for an amount certain that [was] less than the jurisdictional requirement," and Defendant "failed to establish the jurisdictional amount to a legal certainty." (Doc. # 14, at 2, *Adamson I*.) The court found that "Plaintiff ha[d] bound himself to $65,000, and [was] precluded by his counsel's affidavit and [the] Order from seeking or recovering in excess thereof." (Doc. # 14, at 3, *Adamson I*.) The case was remanded back to the Circuit Court of Randolph County, Alabama.

B.  **The October 2011 Case**

Defendant has removed this case again on the cusp of the one-year maximum time for removal. *See* 28 U.S.C. § 1446(b). In strikingly similar events to its first attempt, Defendant once again removed this case from the Circuit Court of Randolph County, Alabama, (Doc. # 1) and then quickly filed a motion to stay the case (Doc. # 5) pending transfer of the action to MDL No. 1871, *In re: Avandia Marketing, Sales*

*Practices and Products Liability Litigation*. Plaintiff once again filed a motion to remand (Doc. # 6), which is now before the court, and argues that the jurisdictional amount in controversy is still not met because Plaintiff is still seeking only $65,000 in damages. (Doc. # 6, at 2.)

Defendant argues that Plaintiff, in his deposition taken on October 10, 2011, admitted that he is seeking more than $225,000 on all his claims. (Doc. # 7, at 2.) Defendant points to Plaintiff's deposition testimony where he states that he is seeking compensation for the value of six weeks of sick leave and annual leave, (Pl.'s Dep. 13–15 (Doc. # 12, Ex. H)); compensation for his wife taking two weeks off work without pay, (Pl.'s Dep. 20); compensation for out-of-pocket expenses, (Pl.'s Dep. 21); compensation for loss of life insurance, (Pl.'s Dep. 26–27); restitution for the amount he paid for Avandia, (Pl.'s Dep. 29); reimbursement of medical expenses, (Pl.'s Dep. 30–33); compensation for physical and psychological injuries, (Pl.'s Dep. 34–35); and lost wages from March 31, 2009, to the time he would be entitled to Social Security retirement benefits, (Pl.'s Dep. 36–37). Defendant has calculated the approximate value for recovery of lost wages at $117,096, the value of medical expenses at $34,000, compensation for sick and annual leave at $3,444, and restitution for Plaintiff's purchase of Avandia at $5,868. (Doc. # 7, at 3.) Additionally, Defendant claims that Plaintiff is seeking $65,000 as compensation only

for his physical and psychological injuries. (Doc. # 7, at 3–5.) This total is $225,408 and does not include compensation for Plaintiff's wife taking unpaid leave and for loss of life insurance.

In his motion to remand, Plaintiff reaffirms that "[t]he amount in controversy . . . is $65,000. That is what was plead by [] Plaintiff." (Doc. # 6, at 5.) He further makes clear that he intentionally "limited his claim to $65,000." (Doc. # 6, at 5.) Plaintiff reiterated in his reply that while he may be entitled to more damages, he is seeking only $65,000 on all claims. (Doc. # 8, at 3–4.)

### III. DISCUSSION

**A.    Removal**

Defendant removed this case under the second paragraph of § 1446(b), which allows a defendant to remove a case that was initially not removable. If, as here, the case was "not removable" from the initial pleading, a defendant may later file, under paragraph two of § 1446(b), a notice of removal "after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . ." § 1446(b).

Here, Defendant contends that Plaintiff's deposition is the "other paper" received by Defendant by which it "first ascertain[ed]" that this case was removable.

The sole issue is whether Defendant could have "first ascertain[ed]" from Plaintiff's deposition testimony that the damages exceeded $75,000, so as to satisfy § 1332(a)'s amount in controversy requirement.

Where as here the complaint contains a limitation establishing that the amount in controversy falls below the jurisdictional minimum, the removing party "must prove to a legal certainty" that the plaintiff's claims "must exceed" the jurisdictional amount. *Burns*, 31 F.3d at 1095. "If [the plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938). A plaintiff's claim for damages, "when it is specific and in a pleading signed by a lawyer, deserves deference and a presumption of truth." *Burns*, 31 F.3d at 1095.

Hence, the removing defendant's burden is a "heavy one," but not an impossible one. *Id.* For instance, under the legal certainty test, the removing defendant "could remain in federal court if he showed that, if plaintiff prevails on liability, an award below the jurisdictional amount would be outside the range of permissible awards because the case is clearly worth more than [the jurisdictional amount]." *Id.* at 1096.

Defendant argues that Plaintiff's deposition testimony "clearly show[s] that Plaintiff has abandoned any intention to limit himself to $65,000 in damages." (Doc. # 7, at 3.) According to Defendant, Plaintiff's deposition testimony indicates that the limitation of $65,000 only applies to Plaintiff's claims for physical and psychological injuries and that Plaintiff is seeking more than $225,000 in total damages on all his claims. After testifying to his other claims for damages, counsel for Defendant asked Plaintiff, "What amount are you claiming for the pain and suffering?" (Pl.'s Dep. 35.) Plaintiff responded, "That's the whole deal, $65,000 today." (Pl.'s Dep. 35.)

Plaintiff has repeatedly asserted that his $65,000 damages limitation applies to *all* claims, not simply to his claims for physical and psychological injuries. Plaintiff asserts that his deposition testimony of "That's the whole deal" applies to all his claims, not just to damages for physical and psychological injuries. (Doc. # 8, at 3.)

Plaintiff's limitation on damages filed in the state court was "subject to the requirements of Alabama Rule of Civil Procedure 11." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1220 (11th Cir. 2007). Similarly, counsel's representations in his pleadings filed in this court in support of the motion to remand are subject to the strictures of Rule 11(b) of the Federal Rules of Civil Procedure. *See Federated Mut. Ins. Co. v. McKinnon Motors, LLC.*, 329 F.3d 805, 808 & n.6 (11th Cir. 2003) (reciting that plaintiff's attorneys were officers of the court and "subject to sanctions

7

under Federal Rule of Civil Procedure 11 for making a representation to the court for an improper purpose"). Counsel for Plaintiff expressly represents that his client "would state to the jury that his claim is for $65,000.00, 'total,'" and that his client "only asks for a total of everything at $65,000." (Doc. # 8, at 1, 3.) The court finds that counsel's representations are consistent with the complaint's provisions and that there is nothing in the record indicating that counsel's representations are "presented for any improper purpose" or otherwise are made in bad faith. Fed. R. Civ. P. 11(b).

Defendant may be correct that Plaintiff, by his testimony, would be entitled to more than $65,000. Plaintiff does not deny this. However, from the filing of his complaint, Plaintiff has agreed to limit the amount of damages that he will claim. That limitation has been and still is $65,000. Plaintiff's testimony does not contradict that he is seeking $65,000 in damages total.[1] A plaintiff may choose to sue for less than the jurisdictional amount if he or she does not wish to be in federal court, and Plaintiff has done so in this case. *See St. Paul Mercury Indem. Co.*, 303 U.S. at 294. Defendant cannot meet its heavy burden of showing to a legal certainty that Plaintiff's

---

[1] Defendant relies on *Messina v. Chanel, Inc.*, No. 10-24518-CI, 2011 WL 2610521 (S.D. Fla. July 1, 2011), as authority. In that case, the district court found the defendant had shown to a legal certainty that the amount in controversy was more than $75,000 where the plaintiff had "admitted that she [was] seeking lost wages 'easily in the six figures,'" and the defendant had calculated back pay in the six figure range. *Id.* at *1. Here, Plaintiff has not expressly admitted that he is seeking lost wages above the amount in controversy and has continued to maintain that he is seeking $65,000 in damages and would accept that amount as a settlement. (Doc. # 6, at 5.)

8

claims "must exceed" the jurisdictional limit where Plaintiff has continuously maintained his $65,000 limitation on damages. *See Burns*, 31 F.3d at 1095.

**B.     Costs and Attorney's Fees**

Under 28 U.S.C. § 1447(c), "[a]n order remanding the case [to state court] may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court in *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005), explained:

> [T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case. For instance, a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees. When a court exercises its discretion in this manner, however, its reasons for departing from the general rule should be "faithful to the purposes" of awarding fees under § 1447(c).

*Id.* at 141 (internal citations omitted).

Defendant will be ordered to show cause why Plaintiff should not be awarded costs and attorney's fees incurred in the removal, pursuant to § 1447(c).

## IV. CONCLUSION

Accordingly it is ORDERED that Plaintiff's Motion to Remand (Doc. # 6) is GRANTED, and that this case is REMANDED to the Circuit Court of Randolph County, Alabama, pursuant to § 1447(c).  The Clerk of the Court is DIRECTED to take appropriate steps to effectuate the remand.

It is further ORDERED that **on or before January 20, 2012**, Defendant shall show cause why it should not be ordered to pay Plaintiff's costs and attorney's fees incurred as a result of the removal, pursuant to 28 U.S.C. § 1447(c).

DONE this 27th day of December, 2011.

                                             /s/ W.  Keith Watkins
                                  CHIEF UNITED STATES DISTRICT JUDGE