IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DEWAYNE ADAMSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CASE NO. 3:11-CV-898-WKW |
| | )                [WO] |
| SMITHKLINE BEECHAM | ) |
| CORPORATION, d/b/a | ) |
| GLAXOSMITH KLINE (GSK), | ) |
| | ) |
| Defendant. | ) |

**<u>ORDER</u>**

Before the court is Defendant's Motion to Vacate or Amend Court's Remand Order and Response to Court's Show Cause Order. (Doc. # 10.) Defendant requests that the court vacate or amend its December 27, 2011 Order remanding this case to the Circuit Court of Randolph County, Alabama, pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction. Defendant also argues that Plaintiff should not be awarded costs and attorney's fees. For the following reasons, the court concludes that it lacks jurisdiction to vacate or amend its remand order and further finds that attorney's fees and costs are not warranted in this case.

By statute, "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d). "This nonreviewability extends to the power of a district court to reconsider its own remand

order." *First Union Nat'l Bank of Fla. v. Hall*, 123 F.3d 1374, 1377 (11th Cir. 1997) (citing *Harris v. Blue Cross/Blue Shield of Ala., Inc.*, 951 F.2d 325, 329–30 (11th Cir. 1992)). In *Harris*, the Eleventh Circuit held that a district court "has no jurisdiction to review [its] remand order," where it has remanded a case under § 1447(c) for lack of subject matter jurisdiction. 951 F.2d at 330. The Eleventh Circuit adopted the reasoning of *In re La Providencia Development Corporation,* 406 F.2d 251 (1st Cir. 1969):

> Removal in diversity cases, to the prejudice of state court jurisdiction, is a privilege to be strictly construed, and the state court proceedings are to be interfered with once, at most. This is not only in the interest of judicial economy, but out of respect for the state court and in recognition of principles of comity. The action must not ricochet back and forth depending upon the most recent determination of a federal court.
>
> . . . .
>
> [T]here is no more reason for a district court being able to review its own decision, and revoke the remand, than for an appellate court requiring it to do so. Both are foreclosed; nothing can be more inclusive than the phrase "on appeal or otherwise" [in § 1447(d)]. The district court has one shot, right or wrong.

*Id.* (alterations in original) (quoting *In re La Providencia Dev. Corp.*, 406 F.2d at 252–53). Recently, the Eleventh Circuit, citing *Harris*, reiterated the absence of jurisdiction of a district court or appellate court to reconsider a § 1447(c) remand order. *See Bender v. Mazda Motor Corp.*, 657 F.3d 1200, 1202–04 (11th Cir. 2011).

2

The *Bender* court held that "even if the district court erroneously remanded the case to state court, § 1447(d) prohibits the district court from reconsidering its remand order because the district court no longer ha[s] jurisdiction over the case." *Id.* at 1204.

Here, the court granted Plaintiff's motion to remand in two separate cases. In each instance, the court relied on Plaintiff's assertions that he was only seeking $65,000 in damages to find that Defendant had failed to establish the jurisdictional amount in controversy under 28 U.S.C. § 1332(a) to a legal certainty. Because Defendant could not establish federal jurisdiction, the court remanded the case to state court under § 1447(c) for lack of subject matter jurisdiction. Thus, pursuant to § 1447(d) and *Harris*, this court has no jurisdiction to reconsider its order to remand.

Furthermore, assuming *arguendo* that Defendant is correct that the court erroneously remanded the case, reconsideration is forbidden. *Bender* makes clear that even if a § 1447(c) remand is erroneous, the district court has no jurisdiction to reconsider its order to remand.

Defendant fears that Plaintiff will amend "his complaint to demand more than the jurisdictional amount" once the one-year removal deadline under 28 U.S.C. § 1446(c) passes. (Doc. # 10, at 1–2.) This fear was addressed in *Burns v. Windsor Insurance Co.*, 31 F.3d 1092 (11th Cir. 1994), in which the Eleventh Circuit

3

concluded that while a plaintiff may artfully plead a claim to avoid federal jurisdiction, this "result (*if* it is not good policy) should be remedied by congressional and not judicial action." 31 F.3d at 1095 n.4 (emphasis in original). However, it is noted that the court specifically relied on Plaintiff's representations that he was seeking less than the jurisdictional amount. "Every lawyer is an officer of the court," and as such, lawyers owe "a duty of candor to the tribunal." *Id.* at 1095. Because of this duty of candor:

> [a] plaintiff's claim [of damages], when it is specific and in a pleading signed by a lawyer, deserves deference and a presumption of truth. [The court] will not assume – unless given reason to do so – that plaintiff's counsel has falsely represented, or simply does not appreciate, the value of his client's case. Instead, [the court] will assume that plaintiff's counsel best knows the value of his client's case and that counsel is engaging in no deception. [The court] will further presume that plaintiff's counsel understands that, because federal removal jurisdiction is in part determined by the amount of damages a plaintiff seeks, the counsel's choices and representations about damages have important legal consequences and, therefore, raise significant ethical implications for a court officer.

*Id; see also Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 808 & n.6 (11th Cir. 2003) (observing that plaintiff's counsel are officers of the court and subject to Rule 11 sanctions for making representations for improper purposes, and that motions for sanctions may be initiated and decided even after underlying case has been resolved and is no longer pending – because "Rule 11 sanctions involve a

4

collateral proceeding that can be initiated and decided after the case on which it is based is finally resolved and no longer pending").

It is further determined that attorney's fees and costs should not be assessed against Defendant pursuant to § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Based upon Defendant's arguments, the court agrees that Defendant had an objectively reasonable basis for seeking removal. Thus, attorney's fees and costs are not warranted in this case.

Accordingly, it is ORDERED that Defendant's Motion to Vacate or Amend Court's Remand Order  (Doc. # 10) is DENIED for lack of jurisdiction.

DONE this 16th day of February, 2012.

                                              /s/ W. Keith Watkins
                                    CHIEF UNITED STATES DISTRICT JUDGE